UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                Plaintiff,<br><br>   v.<br><br>CENIOUS BREWSTER,<br><br>                Defendant. | Case No. 21-mj-71181-MAG-1 (SVK)<br><br>**ORDER OF DETENTION** |

       Defendant Brewster is charged in this action with one violation of 18 U.S.C. section 922(g)(1), Felon in Possession of a Firearm or Ammunition, arising out of events on June 4, 2021. Dkt. 4. On July 30, 2021, this Court held a first detention hearing in this matter, and pursuant to that proceeding, Defendant Brewster was released on conditions to allow for a medical procedure. Dkt. nos. 8, 9. While on release, on August 20, 2021, Brewster was arrested in San Francisco on a state warrant for alleged offenses that occurred prior to the events in this federal action. Dkt. 15. The alleged state offenses included: Possession of Firearm by a Felon; Murder (Attempted); and Discharge of Firearm with Gross Negligence. *Id.* In light of Brewster's arrest, this Court convened a bail review hearing and revoked Brewster's bond and conditions of release and remanded him to federal custody upon release from San Francisco County Jail. Dkt. 23.

       Following dismissal of the state action, Brewster was transferred to federal custody and came on for a further detention hearing on March 8, 2022. A report prepared by PTS recommends that Defendant Brewster continue to be detained as a danger to the community. Dkt. 46. PTS further recommends, that should the Court consider release, that a new custodian be identified. *Id.* Defendant consented to appear by video, as provided under the CARES Act and General Order 74; AFPD Joyce Leavitt, AUSA Anne Hsieh, and Pretrial Services Officers Juarez and Truoung also appeared by video.

### I. PRESUMPTIONS

The charged offense does not create a rebuttable presumption of detention.

### II. REBUTTAL OF PRESUMPTIONS

Not applicable.

### III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing.  The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court returns to its previous finding in support of detention at Dkt. 23, and finds that the factors leading to Defendant's arrest on state charges continue to support a finding by clear and convincing evidence that Defendant is a danger to the community and that no condition or combination of conditions presented will reasonably assure that Defendant is not a danger to the community.   The reasons for the detention include the following:  the violent nature of the state offense (Attempted Murder);  the weight of the evidence ("DNA found on the gun matched the defendant and matched the bullets taken out of the victim's chest");  Defendant's lengthy criminal history, including numerous felony convictions in the last ten years, one of which is  "Hit and Run: Death or Injury" in 2018;  an active protection order against the Defendant that does not expire until 2024; and Defendant's validated status as a member of a street gang.

The Court does not believe that dismissal of the state action mitigates these factors, however should defense counsel have authority to the contrary, the Court will accept a briefing on the issue.

Further the Court finds that the initial custodian, Ms. Nubia Aguilera, no longer presents as an adequate custodian with sufficient moral suasion over Defendant.  The Court was concerned with the length of time it was taking for Defendant to receive the indicated medical treatment during the time of his first release, and Defendant was arrested in a place where he did not have permission to be, San Francisco.  Should conditions warrant a further hearing on the subject of detention, a different custodian who could provide sufficient robust supervision would be required.

Either Party may appeal this Order to the duty District Judge.

**IV.     DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: March 8, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge

cc:PTS/USMS

3